## UNITED STATES *v.* MURPHY *et al.*

*(Circuit Court, S. D. California.* November 10, 1890.)

CONTEMPT—CAUSING ARREST OF RECEIVER.

Town ordinances granted a steam-motor company the right to construct and operate its road through the streets of the town. In an action to foreclose a mortgage on the road, a receiver was appointed by the circuit court, and ordered to operate the road. *Held,* that, even though the ordinances were void, it was a contempt of court to cause the receiver's arrest on a complaint charging him with a violation of Pen. Code Cal. § 370, declaring anything a public nuisance which obstructs the free use of a street or highway.

Proceedings for Contempt.

*J. D. Bethune* and *E. H. Lamme,* for receiver.
*Byron Waters,* for defendant Murphy.
*D. G. Parker* and *James Faris, in pro. per.*

ROSS, J. In the suit of *Union Loan & Trust Co.* v. *Southern California Motor-Road Co.,* heretofore commenced, and since pending in this court, for the foreclosure of a certain mortgage, I. H. Polk was by the court duly appointed receiver of the property involved in the suit, con-

sisting, in part, of a steam-motor railroad, with its franchises, rights of way, etc., extending and then in operation from Riverside, in San Bernardino county, through the town of Colton to the city of San Bernardino, and directed to manage and operate the same for the benefit of the parties in interest. The receiver appointed duly qualified, and took possession of the property on the 3d day of June last. On the 16th of September he presented to this court his affidavit, setting forth, among other things, that by the provisions of the charter and franchises of the motor company it was authorized and empowered to construct and operate its road and run its trains over the same through the town of Colton, and along the streets thereof, and that the road ran and was being operated through that town without hindrance, when the affiant took possession of it under the order of this court; that on the 8th of September the affiant was arrested, and is still under arrest, by the respondent Faris, as constable of San Bernardino township, under and by virtue of a warrant of arrest issued by the respondent Parker, a justice of the peace for that township, upon the complaint of the respondent Murphy charging the affiant with a crime in the running and operating of said road along the streets of Colton pursuant to the order appointing him receiver. Upon reading and filing that affidavit this court made an order directing the said Faris, Parker, and Murphy to show cause, at a certain designated time, at the court-room of this court, why they, and each of them, should not be adjudged guilty of a contempt of this court, and directing a copy of the affidavit to be served on each of them with the order to show cause, which was done. At the time and place designated the said Faris and Parker appeared in person and the said Murphy in person and by counsel. The matter was thereupon heard, and Parker and Faris testified in their own behalf,—the former, that at the time the complaint was lodged in his office, and at the time he issued the warrant, he did not know that Polk was operating the road as the receiver of this court; and the constable, that at the time he executed the warrant he was likewise ignorant of that fact. Neither the complaint nor the warrant disclosed the official character of Polk, and both the justice and the constable expressly disclaimed any intention of interfering with the officer of this court in the discharge of his duties or of otherwise committing a contempt of court. Under such circumstances, I do not consider it necessary to decide whether the justice and constable would have been guilty of a contempt of this court had their action in the premises been with knowledge of the fact that the criminal proceedings in question were prosecuted for the official acts done by the receiver in the discharge of his duties under the order of this court. As to the respondents Parker and Faris the present proceedings will be dismissed.

At the hearing, however, it was conceded by the respective parties that the respondent Murphy did know at the time he filed the complaint against Polk with the justice that the acts therein charged against him, and for which he was arrested under the state process, were acts done by him in discharge of his duties as receiver of this court. In other words, that the respondent Murphy caused the receiver to be arrested

under a provision of the Penal Code of the state of California for doing just what this court directed him to do by the order appointing him receiver. It is contended on his behalf, however, (and his action in the premises was based upon the claim,) that the ordinances of the town of Colton, under which the road in question was constructed and was operated at the time of the appointment of the receiver, and under which the receiver has continued to operate it, and which ordinances are set out in the answer filed by respondent Murphy to this proceeding, were void, and that, consequently, the operation of the road in question by the receiver along the streets of the town of Colton constituted a public nuisance, which the respondent Murphy had the legal right to prosecute under and by virtue of section 370 of the Penal Code of California, which reads as follows:

"Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, by an entire community or neighborhood, or by any considerable number of persons, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a public nuisance."

It is undoubtedly true that the position of receiver of a federal court does not afford such officer immunity from arrest for a violation of the ordinary criminal statutes of a state. But the question here is whether the court that has, in an action over which its jurisdiction is unquestioned and beyond question, taken into its possession the property involved in it and appointed a receiver to manage and operate the property for the benefit of the parties in interest, will permit its officer, who is but the hand of the court, to be arrested or otherwise interfered with in the discharge of his duties under the order of the court. It seems to me there can be but one reasonable answer to this, and that in the negative. Every court should take a sensible view of matters before it. Because the receiver of a court would not be exempt from arrest for murder or grand larceny, or any other crime committed outside and independent of his duties as such officer, it by no means follows that immunity from arrest will not extend to him for acts done in discharge of the duties imposed upon him by the order of the court having jurisdiction in the premises. If the receiver can be arrested and imprisoned for doing the very thing the court appoints him to do,—in this instance, for operating the motor road in precisely the same way it was being operated at the time of the commencement of the action in which he was appointed, and in precisely the same way in which the road has been operated ever since its construction,—it is manifest that the power of the court to appoint a receiver to take possession of the property, and manage and operate it for the benefit of the parties in interest, would be a power in many cases barren of results. The conduct of the receiver is always subject to the control of the court appointing him, and in any case where the receiver, in the exercise of the powers conferred upon him, interferes with the rights of any third person, it is to be presumed that an

appropriate application to the court having control of him will remedy the wrong, or the aggrieved party may have recourse to any appropriate civil action against him, by virtue of section 3 of the act of March 3, 1887, (24 U. S. St. at Large, p. 554.) But in my opinion no individual can be permitted to cause the arrest or imprisonment of a receiver for doing what the court, having jurisdiction in the premises and in the exercise of a power which, it seems to me, cannot be doubted, orders him to do. It is no answer to say, as does the counsel for the respondent Murphy, that, if the ordinances under which the road was constructed and operated were void, its operation along the streets of the town of Colton constituted a public nuisance, and therefore a crime under section 370 of the Penal Code of California, and that this court, in that event, had not the power to order the receiver to operate that portion of it, for the reason that that would be to order him to commit a crime. Of course, a federal court has not the power to order its receiver to violate any of the ordinary criminal statutes of a state, and such an order, if made, would afford no protection to the officer committing the offense. But there is and can be no crime about this matter. A corporation owning a railroad which it constructed and operated in part along the streets of Colton, under ordinances of that town purporting to grant it the right to do so, is sued by a mortgagee of the property to foreclose the mortgage, and the court in which the action is pending appoints a receiver to take possession of the property, and manage and operate it, pending the litigation, just as it was operated by the owner from whose possession it was taken. To say that the officer of the court, in obeying these instructions, can be arrested and imprisoned at the instance of a third party, upon the ground that the ordinances under which the road was constructed and operated were void, is, in effect, to deny to the court of equity having jurisdiction of the cause the power to protect the property it has taken into its possession, and subject the property rights it has been called upon to administer and adjudicate to the decision of the criminal courts of the state. Any view that will lead to such results, it is safe to say, cannot be sound.

None of the authorities cited by counsel are in point here, nor have I been able to find any in point. But, upon principle, I entertain no doubt that the action of the respondent Murphy constituted a contempt of this court, for which he must be punished. It appears, however, that his action was taken in pursuance of the advice of his counsel to the effect that it was in accordance with his legal rights, and without any intention on his part to commit a contempt of this court; and from the professional standing of the counsel, and my personal knowledge of him, I am satisfied that the advice was given in good faith, and in the honest belief that respondent was legally justified in his action. Under these circumstances a light punishment will be imposed, which, however, is not to be regarded as a precedent in the event of any other or further interference with the receiver in the discharge of his duties.

From the records of the court, and from the stipulation of the parties made in open court, the court finds the facts to be as stated in the fore-

going opinion, and from these facts it is by the court considered and adjudged that the respondent M. A. Murphy, in making and filing the complaint and causing the arrest in question, committed a contempt of this court, for which contempt it is by the court ordered and adjudged that he, the said M. A. Murphy, pay a fine of $100, and that he be imprisoned by the marshal until the fine is paid.